(No. 2370— )

JOSEPH H. REED, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 11, 1934.*

JERRY A. HARN, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Claimant herein asks settlement for the loss of a cow that strayed from claimant's pasture onto S. B. I. Route No. 91 and was killed as a result of being struck down in some manner unknown to the claimant. Claimant further represents that on the day in question, i. e.—on or about February 20, 1934, workmen were employed by the Civil Works Administration in hauling stone and gravel from the pasture in question, the material being used in repairing said hard road; that an agreement existed between claimant and the workmen that they were to keep the pasture gate closed so as to prevent stock from leaving; that the workmen failed to exercise care in closing the gate and that as a result, the cow in question was injured and died with resultant damage to the claimant in the sum of Sixty Dollars ($60.00).

The Attorney General has filed a motion to dismiss the claim for the reason the declaration shows that the workmen whose negligence is complained of, were employed under the C. W. A. and were not exployees of the State of Illinois.

The Civil Works Administration was provided for by an Act of Congress and the employment of all who worked therein was made through Federal channels; the State merely co-operating as a means of expediting such charitable or remedial work and labor.

The Illinois Emergency Relief Act provides as follows:

It shall be the duty of the commission until March 1, 1933, to provide relief to residents of the State of Illinois in necessitous circumstances. Such relief shall be provided by distributing funds or supplies and by any other means deemed desirable by the commission. For the purpose of carrying out the provisions of this Act, the commission may make use of and co-operate with counties, townships, and any other municipal corporations charged by law with the duty of poor relief and with other local relief agencies.

Section 2, Ill. Emergency Relief Commission. (3/1/1933–8/1/35)

Regardless, however, of the question of who may have been the employer of the workmen in question, there could be no award properly made by this court in the claim in question, for the reason that the rule of respondeat superior does not apply to the State in its sovereign capacity and the State is not liable for the negligence of its employees, agents or servants.

The motion of the Attorney General is allowed and the claim dismissed.